**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-13122
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JABARI MALIEK STOTS,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:25-cr-00032-TFM-N-1

_____

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Jabari Stots appeals his 96-month sentence for possession of a firearm by a convicted felon, followed by 3 years of supervised release.  First, he argues that the district court procedurally erred

by applying an inapplicable Sentencing Guideline note when imposing his sentence. Second, he argues that the district court's 96-month sentence was substantively unreasonable because the court considered offense conduct that was already incorporated into his advisory guideline calculation and gave little weight to his mitigating evidence. Neither argument is availing, so we affirm the sentence imposed by the district court.

## I

First, Stots raises a procedural-reasonableness argument—that the district court relied on an application note from the Sentencing Guidelines that is inapplicable to his conduct. However, "a disputed guidelines issue will not affect the outcome either way where (1) the district court states it would have imposed the same sentence, even absent an alleged error, and (2) the sentence is substantively reasonable." *United States v. Olson*, 127 F.4th 1266, 1275 (11th Cir. 2025) (citation modified). If the sentencing court makes such a statement, we (1) "assume that there was a guidelines error," and (2) "ask whether the final sentence resulting from consideration of the § 3553(a) factors would still be reasonable." *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006).

Here, the district court clearly stated on the record that, "[r]egardless of the guidelines," it "would have departed or varied upwardly to reach this sentence because it is completely appropriate given the circumstances of this case." Sent'g Tr. at 15, Dkt. No. 56. Because this statement triggers *Keene* analysis, we are left to

consider only whether the sentence is substantively reasonable absent any potential guidelines-application error.

## II

When reviewing a sentence for substantive reasonableness, we consider the totality of the circumstances and whether the sentence achieves the statutory sentencing purposes stated in 18 U.S.C. § 3553(a) under a deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The party challenging the sentence bears the burden of establishing that it is unreasonable based on the facts of the case and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court must impose a sentence sufficient, but not greater than necessary, to comply with the purposes of § 3553(a), including the need to reflect the seriousness of the offense, promote respect for the law, provide punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2)(A)–(C). Though the district court is required to consider all relevant § 3553(a) factors, "the weight given to each factor is committed to the sound discretion of the court," and the court may attach greater weight to one factor over the others. *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022). The district court "may vary upward based on conduct that was already considered in calculating the guideline range." *United States v. Oudomsine*, 57 F.4th 1262, 1268 (11th Cir. 2023) (citation modified).

"A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (citation modified). The reviewing court "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51. We will vacate a defendant's sentence as substantively unreasonable only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (citation modified).

The district court's sentence was substantively reasonable because the court engaged in a lengthy discussion of Stots's offense conduct and weighed the need for punishment, deterrence, and incapacitation in imposing its upward variance. The court noted how "serious" Stots's crime was, "because [he] showed absolute disregard for other people merely trying to get away from police officers doing what they're supposed to do." Sent'g Tr. at 10. The court also noted Stots's "high-speed chase" past more than 40 cars, past stop signs, and through residential neighborhoods. *Id*. Finally, the court noted the danger caused by Stots's on-the-ground chase

25-13122              Opinion of the Court                    5

and his conduct that led to a shootout.  *Id*. at 11.  The court correctly found that Stots's conduct sufficiently justified an upward variance, so the sentence imposed is substantively reasonable.

★   ★   ★

Because the sentence is substantively reasonable—even if we assume that the court made an error in its application of the Sentencing Guidelines—we **AFFIRM** the sentence imposed by the district court.